UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  CASE NO.: 10-10605-PMG
ADV. NO.:

ANDREA BAILEY
DANIEL LEE
           Debtors./

DOREEN ABBOTT, AS TRUSTEE OF
THE ESTATE OF ANDREA BAILEY AND
DANIEL LEE

           Plaintiff,

vs.

ANDREA BAILEY AND
DANIEL LEE
           Defendants./

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS

The Plaintiff, Doreen Abbott, as Trustee, sues the Defendants, ANDREA BAILEY and DANIEL LEE, Debtors, and says:

1. The Plaintiff is the duly qualified and acting Trustee of the above Debtors' estate and property, having been so appointed on December 9, 2010.

2. The Defendants are the Debtors and have designated their address for purpose of this proceeding as 2383 GLADE SPRINGS DR., JACKSONVILLE, FL 32246. Plaintiff perfects service on the Defendants pursuant to the provisions of Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure.

3. The Court has jurisdiction over the subject matter of this proceeding pursuant to the provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984; pursuant to the provisions of Section 1334(a) of Title 28, United States Code, as amended; and pursuant to the provisions of Section 157(b)(2)(N) Chapter 6, Title 28, United States Code. This proceeding is a core proceeding within the meaning of Section 157, Title 28, United States Code.

4. As Trustee of the Debtors' estate, Plaintiff was charged with the responsibilities and duties set forth in 11 U.S.C., §704, including:
   a. collecting and reducing to money the property of the estate, and closing the estate as expeditiously as is compatible with the best interest of parties in interest;
   b. investigate the financial affairs of the Debtors; and
   c. if advisable, object to the discharge of the Debtors.

5. The Plaintiff asserts that the Defendants may have committed other acts or omissions that would constitute grounds for the denial of their discharge that may be disclosed through discovery in this proceeding.

6. Based upon the foregoing, Plaintiff alleges that the Debtors:

   a. with intent to hinder, delay or defraud a creditor or the Trustee, transferred, removed, destroyed and/or concealed property of the estate within one year of filing the petition and/or after filing the petition;

   b. have concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information from which the Debtors' financial condition might be ascertained;

   c. knowingly and/or fraudulently: made a false oath; presented a false claim; gave, offered, received or attempted to obtain money, property or advantage; withheld from the Trustee information, documents, records or papers relating to the debtors' financial condition;

   d. failed to explain satisfactorily a loss of assets or deficiency of assets to meet their liabilities;

   e. failed to attend initial §341 Meeting of Creditors scheduled for January 28, 2011 at 1:30 PM;

   f. represented through their attorney at the meeting of creditors called on January 28, 2011, that they have no intentions of attending any scheduled meeting of creditors.

Wherefore, the Plaintiff request that the Debtors' discharge be denied pursuant to the provisions of §§727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(7) of the Bankruptcy Code, and grant to the Plaintiff her costs herein.

Dated this 15th day of February, 2011.

Post Office Box 56257
Jacksonville, FL 32241-6257
(904) 886-9459
Trustee/Plaintiff

Copy furnished to:
United States Trustee